IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1015 15th Street Northwest, Suite 600 Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202<br><br>*Defendant*. | Case No. 21-cv-2438 |

# COMPLAINT

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant United States Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

**Background**

7. On March 27, 2020, Congress passed and former President Trump signed into law the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), which directed the Department to stop garnishing wages of certain federal student loan borrowers in default. CARES Act, Pub. L. No. 116–136, 134 Stat. 281, § 3513(e) (2020).

8. Despite the CARES Act, the Department continued to seize wages from federal student loan borrowers. The Department also failed to refund wages improperly garnished from tens of thousands of borrowers after the CARES Act became law.

9. On April 30, 2020, Student Defense filed, as counsel, a putative class action lawsuit challenging the Department's CARES Act violations. *See Barber v. DeVos*, No. 20-cv-1137-CJN (D.D.C).

10. On June 22, 2020, the *Barber* court issued a minute order requiring the Department to submit status reports every two weeks "apprising the Court of: (1) the percentage of borrowers whose wages are being garnished; (2) the percentage of refunds issued; (3) the means the Department is using to contact employers continuing to garnish wages; (4) how many borrowers do not have a valid address on file; and (5) a description of the Department's attempts to reach them."

11. According to the Department's final status report, filed on January 25, 2021:

> As of January 21, 2021, the Department has now issued AWG refunds totaling over $186 million to over 381,000 borrowers, representing over 97% of the wages garnished since March 13, 2020. Refunds for the remaining borrowers have been initiated by FSA and are either being

> actively processed or on hold because the borrowers owed a refund have [sic] an invalid address on file. The Department continues to refund any payments that are received from employers and to refund payments to borrowers once a valid address is received for the borrower.

*Barber,* Dkt. 51 (Defendants' Status Report) at 2-3.

12. The status report further stated that, as of October 30, 2020, the Department had:

> shut down the post office box where AWG payments were received. […] Since the post office box to which the payments are sent has now been closed, the Department does not receive the payments or any information about the number or identity of the borrowers whose wages were garnished or of the employers still garnishing. The payments are being automatically returned to the employers by the U.S. Postal Service without any involvement by the Department.

*Id.* at 4. With respect to "payments returned unopened since the closing of the post office box," the Department explained that "it is the responsibility of the employers to return these unauthorized garnishments to their employees." *Id.* at 3.

13. *Barber* was voluntarily dismissed on March 16, 2021. *Barber*, Dkt. 53 (Joint Stip. Of Dismissal).

14. On August 17, 2021, in response to a separate FOIA request submitted by Student Defense, the Department stated that "10,868 borrowers are owed a refund of a garnishment payment that FSA has not been able to issue because the borrower's address is known to be invalid." U.S. Dep't. of Educ., Final Response to Student Defense FOIA Request No. 21-02134-F (Aug. 17, 2021); *see also* Danielle Douglas-Gabriel, "Thousands of student loan borrowers are still waiting for refunds of their garnished wages," Wash. Post (Aug. 19, 2021), *available at:*

https://www.washingtonpost.com/education/2021/08/19/wage-garnishment-refunds/.

**Student Defense's FOIA Request**

15. On July 15, 2021, Student Defense submitted a FOIA request to the Department ("AWG Request") seeking records sufficient to show:

   1. All complaints received by the Department, from March 1, 2020 to the present, regarding the administrative wage garnishment program.

   2. All documents related to the Department's decision in 2020 to "shut down the post office box where AWG payments were received." *Barber*, Dkt. 51 at 4.

   3. All documents, from November 2020 to the present, referring or discussing or relating in any way to the post office box(es) where AWG payments were received or were to be received.

   4. All documents referring, discussing, or relating to any continued use of administrative wage garnishments by the Department from January 2021 to the present, including communications with any third parties (including Maximus and ECMC) about wage garnishments.

16. On July 16, 2021, the Department acknowledged its receipt of the AWG Request, assigned tracking number 21-02227-F, and stated that it had "forwarded" the request "to the primary responsible office(s) for action."

17. On August 2, 2021, Student Defense received an interim response letter from the Department stating that "the Department is currently still processing your request, however, according to the Program Office; due to the competing demands of staff's time working to respond to your request, we will be unable to respond within 20 working days of having received the request."

18. On August 3, 2021, the Department granted Student Defense's request for a fee waiver.

19. Student Defense has not received any further communication from the Department regarding the AWG Request. As of September 16, 2021, the Department's website lists the AWG Request's status as "In Process." U.S. Dep't of Educ., FOIA Request Status, https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx.

**Exhaustion of Administrative Remedies**

20. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the AWG Request, including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

21. Through the Department's failure to respond to the AWG Request within the time period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

22. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. Student Defense properly requested records within the possession, custody, and control of the Department.

24. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

25. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the AWG Request.

26. The Department's failure to conduct adequate searches for responsive records violates FOIA.

27. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to Student Defense's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. Through the AWG Request, Student Defense properly requested records within the possession, custody, and control of the Department.

30. The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31. The Department is wrongfully withholding non-exempt agency records requested through the AWG Request by Student Defense by failing to produce non-exempt records responsive to its FOIA request.

32. The Department's failure to provide all non-exempt responsive records violates FOIA.

33. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records

responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to uncover all records responsive to the AWG Request;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the AWG Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the AWG Request;

4. Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Student Defense such other relief as the Court deems just and proper.

Dated: September 16, 2021

Respectfully submitted,

*/s/ Alexander S. Elson*

Alexander S. Elson (D.C. Bar No. 1602459)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
alex@defendstudents.org